UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRES PEREZ,                                              :

            Petitioner,                                 :

    -against-                                         :    **REPORT and RECOMMENDATION**

UNITED STATES OF AMERICA,                      :         98 Cr. 808 (JSR)
                                                                     04 Civ. 7148 (JSR)(KNF)

            Respondent.                               :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Andres Perez ("Perez") has made an application, pursuant to 28 U.S.C. § 2255, that he be re-sentenced because of "exceptional circumstance," *to wit*, that the prosecutor failed to fulfill a promise made to Perez to seek a reduction in his sentence based upon assistance members of Perez's family and a family friend rendered to law enforcement officers. Perez also contends a modification to his sentence is warranted as a result of the prosecutor's "negligence," which caused him to be housed at the Metropolitan Correction Center, in excess of thirty-six months, after a writ issued to produce him in this judicial district was satisfied.

The respondent opposes Perez's application. It contends that: (i) the instant application was not filed timely; (ii) Perez's claims are procedurally barred because they were not raised by him through a direct appeal from the judgment of conviction; and (iii) in any event, Perez's claims are meritless.

## II.  BACKGROUND

In December 1998, Perez pleaded guilty to conspiring to violate the laws of the United States respecting control substances.  See 21 U.S.C. § 846.  On May 28, 1999, Perez was sentenced, *inter alia*, to a term of 151 months imprisonment.  Perez was assigned to serve the sentence, at a correctional facility located in Fort Dix, New Jersey.

Approximately two months after Perez was sentenced his sister, Tania Perez ("TP"), met with Federal Bureau of Investigation ("FBI") Special Agent Philip Aprea ("Aprea"), to retrieve property belonging to her brother that the agent possessed.  During that meeting, Aprea attempted to recruit TP to serve as a paid FBI informant because he believed she had information concerning: (a) narcotics-related activity; and (b) the whereabouts of her brother, Rodolfo Perez, who was a fugitive.  TP declined Aprea's invitation to become a paid informant; however, she indicated to him a desire to help Perez obtain a sentence reduction.  To facilitate that, TP arranged for Aprea to meet with another of her brothers, Felix Perez ("FP"), and Carmen Alcala ("Alcala") a friend of the Perez family.  Thereafter, on a sporadic basis, until Aprea was assigned to the District of Columbia after the terrorists attacks of September 11, 2001, occurred, Alcala and FP provided Aprea with information on narcotics-related activity.

After Aprea was assigned to the District of Columbia, another FBI special agent, Gerald Mora ("Mora"), became the FBI liaison for TP, FP and Alcala.  According to Aprea and Mora, none of the information provided by Perez's siblings or Alcala was used by them or any other law enforcement officials to arrest or prosecute anyone, because the information was often, too general or vague.

In the Summer of 2001, Aprea asked TP to determine whether the petitioner would testify

against Juan Romero ("Romero"), one of the petitioner's co-conspirators, in the event that Romero elected to proceed to trial. According to the respondent, the petitioner's trial testimony was not essential to the prosecution's case against Romero because at least two cooperating witnesses were prepared to testify against Romero. The petitioner agreed to serve as a prosecution witness at Romero's trial. As a result, the prosecution had Perez transferred, via a writ ad testificandum, from the New Jersey correctional facility where he was serving his sentence, to the Metropolitan Correction Center. However, according to Perez, Romero learned, through the "inmate grapevine," that he had agreed to assist the prosecution by appearing as a witness against Romero at Romero's trial. Shortly after Perez's arrival at the Metropolitan Correction Center, Romero pleaded guilty, thus, obviating the need for Perez's trial testimony.

     Although Perez was no longer needed as a prosecution trial witness after Romero pleaded guilty, he remained at the Metropolitan Correction Center for approximately three years, because the prosecutor who had him transferred from the correctional facility at Fort Dix, New Jersey, to the Metropolitan Correction Center neglected to have Perez returned to New Jersey after Romero pleaded guilty. After languishing in the Metropolitan Correction Center for years without any effort by the prosecution to have his sentence modified, because of the "assistance" he, his siblings and Akala had either provided or offered to provide to law enforcement officials, Perez engaged an attorney to apply to the court for an order compelling the prosecution to make a motion, pursuant to Fed. R. Crim. P. 35, for a reduction in his sentence. The court convened a conference to entertain Perez's application. The conference was adjourned and continued on several dates. However, after it became clear to Perez and his counsel that the court was not persuaded that the relief Perez was seeking through his application should be granted, the

application was withdrawn.

Perez maintains that the conditions to which he was subjected, while lodged at the Metropolitan Correctional Center, were very harsh.  As a result, Perez alleges he developed foot ailments necessitating surgery.  Prior to the withdrawal of the petitioner's request for an order to compel the prosecution to file a Fed. R. Crim. P. 35 motion, and during one of the proceedings convened by your Honor to entertain that request, the court offered to endorse immediately, as satisfied, the writ ad testificandum through which Perez was brought to the Metropolitan Correction Center so that he could be returned to the correctional facility in Fort Dix, New Jersey.  Perez declined your Honor's offer.  He addressed the court directly to inform it that he wished to remain at the Metropolitan Correction Center until his attorney could explore all matters that he and his counsel believed needed to be pursued to persuade the court to grant his then-pending application to compel the prosecution to make a motion to have his sentence reduced.

After Perez withdrew his application for an order compelling the prosecution to file a motion pursuant to Fed. R. Crim. P. 35, the instant habeas corpus petition was made.  As noted above, the respondent urges that this petition be denied because: (a) it was not filed timely; (b) the claims raised are procedurally barred; and (c) the claims lack merit.

### III.  DISCUSSION

*Timeliness of the Motion*

An application by a federal prisoner, made pursuant to 28 U.S.C. § 2255, must be made within one year or the latest of:

>    (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the case at bar, it is undisputed that the judgment of conviction in the underlying criminal action was entered on May 28, 1999.  Perez had ten days following that date to file a notice of appeal from the judgment of conviction.  See Fed. R. App. Pro. 4(b)(1)(A).  Perez did not file a notice of appeal from the judgment of conviction.  Therefore, the judgment of conviction became final on June 11, 1999.  In order for the instant 28 U.S.C. § 2255 motion to have been made timely, Perez was required to make the motion within one year of: (1) June 11, 1999; or (2) the date on which the facts that support the claims he makes through this motion could have been discovered by him through the exercise of due diligence.[1]  Perez filed the instant petition on September 8, 2004, over five years after the relevant judgment of conviction became final.  Accordingly, Perez's 28 U.S.C. § 2255 petition would be timely only if the facts upon which he is relying to support his claims became known to him, through the exercise of due diligence, on or after September 8, 2003.  The record before the Court does not support a conclusion that Perez learned the pertinent facts only on or after that date.

---

[1] Inasmuch as Perez does not allege that the respondent impeded his ability to make the instant motion or that any right asserted by him through the motion was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the provisions of 28 U.S.C. § 2255 that speak to those matters are not implicated in analyzing the timeliness of this motion.

The record before the Court establishes that Romero tendered a plea of guilty before a United States magistrate judge in August 2001. In October of that year, after reviewing the transcript generated during that pleading proceeding, your Honor determined to adopt the magistrate judge's recommendation and accept Romero's plea of guilty. Thereafter, Romero was sentenced in November 2001. Based on the above, beginning in August 2001, and continuing through June 2004, when his counsel made an application to your Honor to compel the prosecution to file a motion pursuant to Fed. R. Crim. P. 35(b), Perez was aware that the prosecution had made no effort to seek a reduction in his sentence, based upon either the "assistance" that his siblings and a family friend provided to FBI agents or his own offer to be a prosecution witness at Romero's trial. Therefore, the Court finds that the factual basis for the claim made here, that Perez is entitled to a sentence modification because the prosecutor should have made, but failed to make a motion, pursuant to Fed. R. Crim. P. 35, on the petitioner's behalf, was known to Perez more than one year before the instant motion was made. Consequently, the Court finds further that Perez's 28 U.S.C. § 2255 petition was not filed timely.

28 U.S.C. § 2255 is a vehicle through which a federal prisoner can obtain relief where: (a) the sentence imposed on the prisoner was imposed in violation of the Constitution or laws of the United States; (b) the sentencing court was without jurisdiction to impose the prisoner's sentence; (c) the sentence exceeded the maximum sentence authorized by law; and (d) the sentence is otherwise subject to collateral attack. A prisoner seeking to challenge the manner in which the prisoner's sentence is being executed cannot rely on 28 U.S.C. § 2255; the prisoner must seek relief through a petition made pursuant to 28 U.S.C. § 2241. See Chambers v. United States, 106 F.3d 472, 474-475 (2d Cir. 1997); Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003).

The second claim in the petition Perez filed with the court, although styled a "further collateral attack of sentence" is not quite that at all.  It is a plea for a sentence reduction premised on the "harsh" conditions under which Perez was confined at the Metropolitan Correction Center, occasioned, Perez contends, by the negligence of a prosecutor who failed to have him returned to the correctional facility in Fort Dix, New Jersey, promptly after Romero pleaded guilty.  As such, the claim is more akin to a challenge to the location where and the manner in which Perez's sentence was being executed than it is to an attack on the sentence as it was imposed.  See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).  Therefore, reading Perez's pro se petition liberally, as the Court must, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and interpreting it to raise the strongest arguments that it suggest, see Dibbs v. Roldan, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005)(citations omitted), the Court finds that, notwithstanding the form of Perez's petition, the substance of the petition makes it a dual purpose petition.  The purpose of the first claim of the petition, that attacks his sentence, is to present to the court a motion made under 28 U.S.C. § 2255, while the purpose of the second claim, which attacks the location where the sentence was being served and the execution of the sentence, is to obtain relief from the court under 28 U.S.C. § 2241.  Since the one-year limitation period imposed on petitions made under 28 U.S.C. § 2254 and 28 U.S.C. § 2255 by the Antiterrorism and Effective Death Penalty Act of 1996, does not apply to petitions made pursuant to 28 U.S.C. § 2241, see James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002), the petitioner's challenge to the location where his sentence was being served and the execution of his sentence was made timely under 28 U.S.C. § 2241.

*Procedural Bar/Section § 2241 Petition*

The respondent contends Perez's claims are procedurally barred because they were not raised by him through a direct appeal from the judgment of conviction that was entered against him in this court.[2]

A claim not raised on direct appeal may not be raised on collateral review, through a petition(s) such as the one Perez has made here, unless the petitioner can show cause for the default, and prejudice attributable thereto, or actual innocence.  See Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003); Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998).  The respondent maintains Perez has not alleged cause for his failure to take a direct appeal from his judgment of conviction or prejudice and has not alleged that he is actually innocent of the crime for which he was convicted.  While it is true that Perez has not expressly identified any cause for his failure to file an appeal from the judgment of conviction, he has done so implicitly and, in the circumstance of this case, the Court finds that this should not act as a bar to his seeking relief from the court.

The facts that gave rise to Perez's 28 U.S.C. § 2241 petition did not materialize until long after the time for Perez to appeal from the judgment of conviction had elapsed.  Therefore, it was not possible to present the claims concerning the location where he was serving his sentence and the manner in which it was being executed at the Metropolitan Correction Center to the Second Circuit Court of Appeals as part of a direct appeal from the judgment of conviction.

Since "cause" has to "be something *external* to the petitioner, something that cannot

---

[2]Since the Court has determined that Perez's 28 U.S.C. § 2255 petition was not made timely, a procedural bar analysis respecting that petition is unnecessary.

fairly be attributed to him," Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991), the Court finds that cause exists for Perez's failure to raise, through a direct appeal from his judgment of conviction, the issues presented in his 28 U.S.C. § 2241 petition.  However, this does not mean that Perez is entitled to the relief he seeks through his 28 U.S.C. § 2241 petition because Perez must show that prejudice flowed from the external factor that caused his procedural default.  Perez has not met that burden and, even if he had, Perez would still not be entitled to the relief he seeks.

Habeas corpus review is available for a prisoner who claims that a constitutional right(s) or federal law(s) that protects the prisoner has been disregarded and, furthermore, that the writ is the only effective means of preserving the prisoner's rights.  See Waley v. Johnston, 316 U.S. 101, 104-105, 62 S. Ct. 964, 966 (1942).  In his 28 U.S.C. § 2241 petition, Perez does not allege that any constitutional right or federal law whose protection he enjoys has been violated.  Rather, he alleges that: (a) through negligence, a prosecutor caused him to remain at the Metropolitan Correction Center for an inordinate amount of time; and (b) as a result of that negligence, he developed a foot condition that necessitated surgery.  As a consequence, he contends your Honor would be warranted in reducing his sentence.  The Court disagrees.

"Habeas corpus has traditionally been regarded as governed by equitable principles."  Fay v. Noia, 372 U.S. 391, 438, 83 S. Ct. 822, 848 (1963); 28 U.S.C. § 2243.  A court that exercises its discretion to grant equitable relief must be careful to do so when the public interest will thereby be served.  See Securities and Exchange Comm'n v. United States Realty & Improvement Co., 310 U.S. 434, 456, 60 S. Ct. 1044, 1053 (1940).  Perez has not identified for the Court any authority that supports reducing his sentence because of prosecutorial negligence.

Furthermore, Perez's allegation: that the conditions under which he was held at the Metropolitan Correction Center were so "harsh" that his experience there warrants the court in reducing his sentence, is undermined by the fact that Perez declined an offer from your Honor to have him removed from the Metropolitan Correction Center expeditiously by endorsing, as satisfied, the writ ad testificandum that was used to bring Perez from the correctional facility in Fort Dix, New Jersey, to the Metropolitan Correction Center. Moreover, Perez has not established how, if at all, the public interest would be served by a reduction in his sentence occasioned by the court's exercise of its discretionary equitable authority. In any event, as noted earlier, habeas corpus relief is reserved for instances where rights afforded a prisoner, through the Constitution or federal laws have been violated. Habeas corpus relief is not designed to redress negligent conduct. Therefore, the Court finds that granting habeas corpus relief to Perez, pursuant to 28 U.S.C. § 2241, in the circumstance of the instant case, is not warranted.[3]

## IV. RECOMMENDATION

For the reasons set forth above, the request for relief made by the petitioner should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk

---

[3] To the extent that Perez's 28 U.S.C. § 2241 petition can be construed simply as a request to remove him from the Metropolitan Correction Center to the correctional facility in Fort Dix, New Jersey, where he was serving his sentence before his transfer via the writ ad testificandum, the Court notes that Perez has already been returned to that correctional facility.

of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
November 7, 2006

RESPECTFULLY SUBMITTED,

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Andres Perez  
Elie Honig, Esq.